CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

5/16/2025
LAURA A. AUSTIN, CLERK
BY:  s/ D. AUDIA
        DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> *Defendant*. | Case No. 3:25cv00037 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

### INTRODUCTION

1.     This lawsuit seeks declaratory and injunctive relief against Defendant United States Department of Justice ("DOJ") for its unlawful delay and failure to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2.     In May 2024, Plaintiff Southern Environmental Law Center ("SELC") requested three categories of records from DOJ related to agency guidance, policy documents, and general instructions about applying the deliberative process privilege when compiling the administrative record in cases arising under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*.

3.     Judicial review under the Administrative Procedure Act is supposed to be based on "the whole record." 5 U.S.C. § 706. In recent years, DOJ and its client agencies have routinely asserted the deliberative process privilege to exclude documents from administrative records and related court proceedings. This practice can have an outsized impact on facilitating or stifling judicial review. The public records that SELC requested are guidance and policy documents—not case-specific materials—that may provide insight into this trend.

1

4.     In September 2024, DOJ issued a partial response. For two of the categories in SELC's request, DOJ identified a handful of responsive records, but over seventy percent of the pages were withheld in full. All of the documents produced were at least partially redacted. For the third category, DOJ claimed it needed more time to sort through potentially responsive records.

5.     The next month, SELC filed a timely administrative appeal. SELC challenged DOJ's redactions and withholdings of records responsive to the first two categories of SELC's request, explaining in detail how DOJ's justifications failed to satisfy the requirements for exempting records from disclosure under FOIA. Regarding the third category, SELC explained that DOJ failed to make a timely "determination" as required by 5 U.S.C. § 552(a)(6)(A)(i).

6.     In the six months since SELC filed its administrative appeal, DOJ has failed to make a determination on SELC's appeal within the statutory timeframe, has failed to make a determination on the third category of SELC's request within the statutory timeframe, and has not produced any additional records. SELC has repeatedly sought to resolve these issues without litigation, to no avail.

7.     SELC now seeks declaratory and injunctive relief from this Court.

## JURISDICTION AND VENUE

8.     The Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

9.     The Court may grant declaratory relief, injunctive relief, and further relief under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 2201–2202.

10.     Venue is proper in the Charlottesville Division of the Western District of Virginia under 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1391(e)(1), and Local Rule 2(b) because SELC resides and has its principal place of business of Charlottesville, Virginia.

11.     SELC is deemed to have exhausted administrative remedies under 5 U.S.C.

§ 552(a)(6)(C)(i) because DOJ has failed to comply with the applicable time limit provisions of

FOIA.

## PARTIES

### Plaintiff Southern Environmental Law Center

12.     SELC is a 501(c)(3), nonprofit public-interest environmental law firm with a

focus on six states in the Southeast. SELC is headquartered in Charlottesville, Virginia.

13.     SELC is a "person" for purposes of FOIA. 5 U.S.C. § 551(2).

14.     SELC works to protect the communities and ecosystems of the Southeast from

environmental threats, including government mismanagement of federal lands and government

overreach in legislative and policy settings. As part of this mission, SELC challenges federal

agency decisions when they are not made in accordance with law, including the Administrative

Procedure Act.

15.     SELC also regularly requests public records under FOIA to better understand the

operations of the federal government. In addition, SELC shares information obtained through

FOIA to its conservation partners and the general public through its website, *www.selc.org*,

which is updated regularly, as well as through press releases, media interviews, reports, social

media, and public comment letters. SELC attorneys routinely attend and speak at public

meetings and hearings throughout the region, where they relay information and data obtained

through FOIA. SELC uses many of these channels to communicate information and raise public

awareness about the operations of federal agencies and the intersection between government

policies and environmental outcomes.

**Defendant Department of Justice**

16.     DOJ is a federal agency under the leadership of the Attorney General of the United States. Among its other responsibilities, DOJ serves as legal counsel to executive agencies and defends challenged federal agency actions in court.

17.     DOJ is an "agency" for purposes of FOIA. 5 U.S.C. § 551(1).

18.     DOJ has possession, custody, or control of the requested records.

## LEGAL BACKGROUND

### Freedom of Information Act

19.     Congress enacted the Freedom of Information Act "to establish a general philosophy of full agency disclosure" and "to assure the availability of Government information necessary to an informed electorate." *Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 818 (4th Cir. 2013) (internal citations omitted). "FOIA's disclosure regime shines a light on government operations 'to check against corruption and to hold the governors accountable to the governed.'" *Id.* at 818–19 (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).

20.     To that end, FOIA requires federal agencies to make nonexempt records available upon request. 5 U.S.C. § 552(a)(3)(A). The term "record" encompasses "any information . . . maintained by an agency in any format, including an electronic format." *Id.* § 552(f)(2).

21.     FOIA requires agencies to respond to requests "promptly." *Id.* § 552(a)(3)(A). In general, agencies must "determine" whether to comply with a FOIA request within twenty working days of receiving the request, and they must "immediately notify the requester of that determination." *Id.* § 552(a)(6)(A)(i).

22.     To make a "determination" under FOIA, an agency must at least "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents." *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711

F.3d 180, 188 (D.C. Cir. 2013). The agency also must "inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id.*

23.    When an agency makes an adverse determination, the requester may administratively appeal "within a period determined by the head of the agency that is not less than 90 days after the date of such adverse determination." 5 U.S.C. § 552(a)(6)(A)(ii). Under DOJ regulations, an administrative appeal may be filed within "90 calendar days after the date of the response." 28 C.F.R. § 16.8(a).

24.    In general, an agency must "make a determination with respect to any appeal within twenty [working] days" of receiving the appeal. 5 U.S.C. § 552(a)(6)(A)(ii). If an agency upholds a denial of a request in whole or in part, it must "notify the person making such request of the provisions for judicial review of that determination." *Id.*; *see also* 28 C.F.R. § 16.8(c).

25.    In "unusual circumstances," an agency may extend the twenty-working-day deadlines for requests and appeals by providing timely written notice to the requester. 5 U.S.C. § 552(a)(6)(B)(i). This extension generally may not exceed ten working days. *Id.* DOJ regulations provide that "[w]here the extension exceeds 10 working days, the [relevant officer] shall, as described by the FOIA, provide the requester with an opportunity to modify the request or arrange an alternative time period for processing." 28 C.F.R. § 16.5(c).

26.    In sum, absent unusual circumstances, an agency must make a "determination" regarding a request or appeal within twenty working days. When unusual circumstances are present, an agency generally must make a "determination" in thirty working days.

27.    If an agency fails to make and communicate its "determination" within the relevant statutory timelines, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

28.    FOIA obligates agencies to make "reasonable efforts to search" for requested records. *Id.* § 552(a)(3)(C). If challenged, an agency must "demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1245–46 (4th Cir. 1994) (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (internal marks omitted)).

29.    Although an agency may withhold information under certain statutory exemptions, 5 U.S.C. § 552(b), the agency bears the burden of justifying any withholding, *id.* § 552(a)(4)(B); *see also Ethyl Corp.*, 25 F.3d at 1245 (same).

30.    Even if an exemption applies, an agency may not withhold a record unless the agency "reasonably foresees that disclosure would harm an interest protected by [the] exemption." 5 U.S.C. § 552(a)(8)(i).

31.    Even if portions of a record may be lawfully withheld, the agency must provide any "reasonably segregable portion" of each record after removing any portions that are exempt from disclosure. 5 U.S.C. § 552(b). In addition, the agency must note the "amount of information deleted, and the exemption under which the deletion is made." 5 U.S.C. § 552(b).

## FACTUAL BACKGROUND

### SELC's Request

32.    On May 29, 2024, SELC submitted a FOIA request ("the Request") to the Environment and Natural Resources Division of DOJ. A true and correct copy of the Request is attached as **Exhibit 1**.

33.    The Request sought three categories of records related to the DOJ's practices when compiling the administrative record in cases arising under the Administrative Procedure Act.

34.     In the first category ("Category 1"), the Request sought "[a]ll guidance,

instructions, policy documents, or position statements shared with Department of Justice

attorneys or federal agencies related to deliberative process withholdings in Administrative

Procedure Act cases." Ex. 1 at 1.

35.     In the second category ("Category 2"), the Request sought "[a]ll guidance,

instructions, policy documents, or position statements related to the Department of Justice's role

and/or obligations preparing the administrative record in Administrative Procedure Act cases."

*Id.*

36.     In the third category ("Category 3"), the Request sought "[a]ll records related to

development of the guidance, instructions, policy documents, or position statements captured by"

Categories 1 and 2. *Id.*

37.     DOJ confirmed receipt of the Request via email the next day.

38.     On June 21, 2024, DOJ again acknowledged its receipt of the Request, to which

DOJ assigned No. 2024-06507.

39.     On July 3, 2024, DOJ staff requested a meeting with SELC to discuss the scope of

the Request. A true and correct copy of this email exchange is attached as **Exhibit 2**.

40.     The parties met on July 18, 2024. Representatives from SELC clarified that all

three categories of the Request sought guidance documents and general agency records, not case-

specific communications or documents which would be protected by attorney–client privilege.

That same day, SELC provided examples of the types of documents it was seeking. *See* Exhibit

2.

41.     On September 18, 2024, DOJ issued a partial response to the Request. A true and

correct copy of the September 18, 2024 partial response is attached as **Exhibit 3**. DOJ identified

thirty-nine pages responsive to Categories 1 and 2 of the Request. Of these thirty-nine pages, DOJ released five in full and six in part, while withholding the remaining twenty-eight pages in full. A true and correct copy of DOJ's response letter describing such withholdings is attached as **Exhibit 4**.

42.    DOJ justified these redactions and withholdings under FOIA Exemption 5, which covers "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." Ex. 4 at 2 (quoting 5 U.S.C. § 552(b)(5)). DOJ claimed the withheld documents were "protected by the attorney work product doctrine, attorney-client privilege, and/or the deliberative process privilege." *Id.* DOJ did not explain why its redactions and withholdings were necessary to accomplish the purpose of Exemption 5. DOJ merely noted that it "considered the foreseeable harm standard when reviewing records and applying FOIA exemptions." *Id.*

43.    DOJ's partial response did not include production of records related to Category 3 of the Request. Instead, it stated that DOJ had identified "over 5,000 additional pages to review for responsiveness and exemption application" related to this category. *Id.* The agency invoked "unusual circumstances" to provide itself with ten additional working days to make a determination on Category 3. To date, no determination or production has been made regarding Category 3.

44.    On September 24, 2024, SELC replied to this partial response, reiterating that SELC "remain[s] interested in information responsive to item 3" of the Request. A true and correct copy of this email exchange is attached as **Exhibit 5.** SELC offered to discuss methods for narrowing the scope of responsive documents but noted that SELC is not "in a position to

propose a solution" since SELC cannot anticipate which "categories of information are included in the responsive documents." *Id.*

45.     The next day, DOJ staff noted SELC's continued interest and indicated that the agency would "discuss and follow up" with SELC representatives. *Id.*

46.     No additional communications occurred between September 25, 2024, and the filing of SELC's administrative appeal over a month later.

### SELC's FOIA Appeal

47.     On October 30, 2024, SELC filed a timely administrative appeal of DOJ's September 18, 2024, partial response to the Request. A true and correct copy of SELC's October 30, 2024, administrative appeal is attached as **Exhibit 6**.

48.     In its appeal, SELC asserted that DOJ "erroneously withheld or redacted 34 pages of documents" and "failed to adequately justify its withholdings." *Id.* at 1, 3–5.

49.     SELC explained that Exemption 5 cannot justify the redactions and withholdings of the documents in Categories 1 and 2 because "Exemption 5 does not apply to an agency's 'working law,'" which constitutes "all opinions and interpretations which embody the agency's effective law and policy." Ex. 6 at 3 (quoting *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 153 (1975)). SELC explained and continues to assert that the withheld documents responsive to Categories 1 and 2 plainly constitute the working law of DOJ's Environment and Natural Resource Division. *Id.*

50.     Additionally, SELC explained in its appeal that documents may be withheld under FOIA only if they both (1) qualify for the exemption and (2) if the agency "reasonably foresees that disclosure would harm an interest protected by [the] exemption" as described in 5 U.S.C. §

552(a)(8)(i). Ex. 6 at 5. SELC explained that DOJ failed to articulate a foreseeable harm finding when justifying its redactions and withholdings. *Id.*

51.     Finally, SELC reminded DOJ that it had missed the statutory deadline for making a determination on Category 3. *Id.* at 5–7. This reminder explicitly did "not forfeit or waive [SELC's] right to pursue this claim in court. SELC merely wishe[d] to draw the agency's attention to this failure during the administrative appeals process in the hope of resolving this violation without judicial intervention." *Id.* at 5, Note 1.

52.     SELC concluded its appeal by asserting that DOJ "must release in full all [C]ategory 1 and 2 documents" and "make a prompt 'determination' regarding the [C]ategory 3 documents it has collected." *Id.*

**Post Appeal Communications**

53.     On December 4, 2024, DOJ staff emailed representatives from SELC to "check-in" regarding the Category 3 documents. A true and correct copy of this email exchange is attached as **Exhibit 7**. DOJ staff stated that DOJ was still in the "preliminary assessment" phase of determining potentially responsive records to this portion of the Request and that the agency was now "looking at nearly 40,000 pages" of records. *Id.*

54.     DOJ did not explain how the 5,000-page estimate from its partial response on September 18, 2024, had grown to now involve 40,000 pages of potentially responsive records.

55.     On December 5, 2024, a representative from SELC responded clarifying the scope of the request and expressing surprise at the volume. *Id.* SELC asked for more details on how the search was being conducted and offered to meet to discuss scope. *Id.*

56.     On January 8, 2025, DOJ staff reached out with clarifying questions, including (1) whether the Request intended for Categories 1 and 2 to "capture trainings"; (2) whether "related"

10

records in Category 3 included non-substantive mentions of Category 1 and 2 documents; and (3)

whether SELC would consent to DOJ "remov[ing] nonresponsive portions from the records"

ultimately produced. *Id.*

57.    SELC responded the same day, answering  the first question in the affirmative and

the other two questions in the negative. *Id*. SELC also provided dates for a potential meeting. *Id.*

58.    Later that day, DOJ responded, stating that after it "considered the records in light

of your below clarifications, we will contact you again – likely in the next week or two – to

provide a status update and our best estimate for processing times and when you can expect a

second response to your request." *Id.*

59.    No such communication ever occurred.

**SELC's Constructive Exhaustion of Administrative Remedies**

60.    SELC has constructively exhausted its administrative remedies regarding its

appeal because DOJ has failed to make a "determination" on the appeal within the statutory time

period. 5 U.S.C. § 552 (a)(6)(A)(ii), (C)(i).

61.    DOJ has not communicated the scope of the records it intends to produce in

response to SELC's appeal.

62.    DOJ has not further justified its use of exemptions in response to SELC's appeal.

63.    DOJ has not provided a schedule of production for the records subject to SELC's

appeal.

64.    DOJ has not released any records subject to SELC's appeal.

65.    DOJ has not notified SELC of the right to judicial review of an adverse

determination regarding its appeal.

66.    SELC has also constructively exhausted its administrative remedies regarding Category 3 of the Request because DOJ has failed to make an initial "determination" within the statutory time period. 5 U.S.C. § 552(a)(6)(C)(i).

67.    DOJ has not communicated the scope of the records responsive to Category 3 of the Request.

68.    DOJ has not invoked any FOIA exemptions for records responsive to Category 3 of the Request.

69.    DOJ has not produced any records responsive to Category 3 of the Request.

70.    DOJ has not notified SELC of the right to administratively appeal an adverse determination regarding Category 3 of the Request.

### CLAIM FOR RELIEF

**CLAIM ONE: FOIA Violations Related to Categories 1 and 2**

71.    SELC incorporates by reference all preceding paragraphs of this Complaint as if stated fully herein.

72.    DOJ has possession, custody, or control of records responsive to Categories 1 and 2 of the Request.

73.    DOJ violated FOIA by improperly redacting or withholding records responsive to Categories 1 and 2 of the Request.

74.    DOJ also violated FOIA by failing to adequately explain how "disclosure" of the redacted or withheld records "would harm an interest protected by" Exemption 5 as required by 5 U.S.C. § 552(a)(8)(i).

75.    SELC timely appealed DOJ's adverse determination to Categories 1 and 2 of the Request. *See* 28 C.F.R. § 16.8.

76.     More than twenty working days have passed since the submission of SELC's appeal.

77.     To date, DOJ has not taken any action regarding SELC's appeal.

78.     DOJ violated FOIA by failing to make a timely "determination" on SELC's appeal as required by 5 U.S.C. § 552(a)(6)(A)(ii).

79.     By improperly redacting or withholding responsive records, failing to explain how disclosure of withheld records would foreseeably harm the interests protected by an applicable exemption, and failing to make a timely "determination" on SELC's appeal, DOJ has denied SELC its rights under FOIA.

80.     Unless it is enjoined by this Court, DOJ will continue to violate SELC's legal right to be timely provided with the public records that SELC sought in the Request.

81.     SELC is directly and adversely affected and aggrieved by DOJ's violations of FOIA, as described above.

### CLAIM TWO: FOIA Violations Related to Category 3

82.     SELC incorporates by reference all preceding paragraphs of this Complaint as if stated fully herein.

83.     Upon information and belief, DOJ has possession, custody, or control of records responsive to Category 3 of the Request.

84.     DOJ asserted that "unusual circumstances" prevented it from making a determination regarding Category 3 of the request within twenty working days and requested an extension of ten working days.

85.     More than thirty working days have passed without DOJ making a "determination" on Category 3 of the Request.

86.     DOJ violated FOIA by failing to make a timely "determination" on Category 3 of the Request as required by 5 U.S.C. § 552(a)(6)(A)(ii).

87.     DOJ also violated FOIA by failing to provide SELC with all non-exempt records responsive to Category 3 of the Request.

88.     By failing to make a timely "determination" or provide SELC with all nonexempt records responsive to Category 3 of the Request, DOJ has denied SELC its rights under FOIA.

89.     Unless it is enjoined by this Court, DOJ will continue to violate SELC's legal right to be timely provided with the records that SELC sought in the Request.

90.     SELC is directly and adversely affected and aggrieved by DOJ's violations of FOIA, as described above.

## REQUEST FOR RELIEF

Wherefore, Plaintiff SELC respectfully requests that this Court:

A.     DECLARE that DOJ has violated and is continuing to violate FOIA by failing to make timely "determinations" on the Request and SELC's appeal as required by 5 U.S.C. § 552(a)(6)(A);

B.     DECLARE that DOJ has violated and is continuing to violate FOIA by improperly redacting or withholding records responsive to Categories 1 and 2 of the Request as required by 5 U.S.C. § 552(a)(3)(C);

C.     DECLARE that DOJ has violated and is continuing to violate FOIA by failing to explain how "disclosure" of redacted or withheld records responsive to Categories 1 and 2 of the Request "would harm an interest protected by" Exemption 5 as required by 5 U.S.C. § 552(a)(8)(i);

D.      DECLARE that DOJ has violated and is continuing to violate FOIA by failing to provide SELC with all nonexempt records responsive to Category 3 in the Request;

E.      ORDER DOJ to search for and provide all nonexempt records responsive to Category 3 of the Request without further delay;

F.      ORDER DOJ to produce an index identifying any Category 3 records or parts thereof that it intends to withhold and the basis for the withholdings pursuant to 5 U.S.C. § 552(a)(8) and (b), in the event that DOJ asserts certain responsive records are exempt from disclosure;

G.      RETAIN jurisdiction over this matter to rule, if necessary, on the adequacy of DOJ's search for responsive records or assertions by DOJ that any responsive records are exempt from disclosure;

H.      AWARD SELC its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable provision of law; and

I.      GRANT SELC any other relief the Court deems just and proper.


DATE: May 16, 2025                              Respectfully submitted,


/s/ Alyson Merlin                               /s/ Spencer Gall
Alyson Merlin (NC Bar No. 58223)*               Spencer Gall (VA Bar No. 95376)
SOUTHERN ENVIRONMENTAL LAW CENTER               SOUTHERN ENVIRONMENTAL LAW CENTER
48 Patton Avenue, Suite 304                     120 Garrett Street, Suite 400
Asheville, NC 28801                             Charlottesville, VA 22902
Telephone: (828) 258-2023                       Telephone: (434) 977-4090
E-mail: amerlin@selc.org                        E-mail: sgall@selc.org

Attorneys for Southern Environmental Law Center

*pro hac vice application forthcoming